UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT O. DINKINS, | ) | |
| --- | --- | --- |
| Movant, | ) | |
| v. | ) | No. 4:19-CV-2903 ERW |
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is successive and will be denied and dismissed.

**Background**

On July 8, 2015, a one-count indictment charged movant with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). United States v. Dinkins, Case No. 4:15-CR-314 ERW (E.D. Mo.).[1] Movant waived his right to a jury trial and requested a bench trial. At trial, the Court found movant guilty and subsequently sentenced him as an Armed Career Criminal to 180 months of imprisonment. With the assistance of counsel, movant filed a timely appeal to the Eighth Circuit Court of Appeals. In his appeal, movant argued that the District Court erred in finding him guilty of being a felon in possession of a firearm because he was legally justified in possessing the firearm to protect himself and the community from imminent danger. On May 26, 2017, the Eighth Circuit Court of Appeals affirmed the judgment of the District Court. United States v. Dinkins, 688 F. App'x 408 (8th Cir. 2017).

---

[1] The Honorable Carol E. Jackson tried movant's criminal case. She has since retired. On February 7, 2020, movant's criminal case was transferred to the undersigned judge.

On August 22, 2017, movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dinkins v. United States, Case No. 4:17-CV-2296 CAS (E.D.Mo.). The Court denied and dismissed the motion to vacate on July 25, 2018. Id. Movant did not appeal the judgment.

The Eighth Circuit denied movant's application to file a successive habeas petition on March 29, 2019. Dinkins v. United States, No. 18-3334 (8th Cir. 2019).

Movant filed a second motion to vacate on June 11, 2019. Dinkins v. United States, 4:19-CV-1688 CAS. In his motion to vacate, movant alleged (1) his counsel was ineffective for failing to raise a claim that his sentence was unconstitutional under Johnson v. United States, 559 U.S. 133 (2010); (2) his predicate crimes under the Armed Career Criminal Act did not qualify as "crimes of violence" such that he should have received a Chapter Four Enhancement under the provisions of 18 U.S.C. § 924(e); and (3) in light of the aforementioned arguments he was innocent of the crimes he was convicted.[2] The Court denied movant's motion to vacate as successive and dismissed his action on July 2, 2019. Id.

Movant filed a third motion to vacate on June 21, 2019. Dinkins v. United States, 4:19-CV-1839 CAS (E.D. Mo.). The Court denied this third motion to vacate as successive and dismissed his action on June 27, 2019.

Movant filed a fourth motion to vacate on July 8, 2019. Dinkins v. United States, 4:19-CV-1920 CAS. In this motion, movant alleged that the recent Supreme Court case of Rehaif v. United States, 139 S. Ct. 2191 (2019), allowed for a challenge to his conviction and sentence. On July 26, 2019, the Court denied movant's motion, finding that Rehaif did not apply to movant. Id.

---

[2]The Court noted in dismissing his application for relief that movant brought these arguments in his application to file a successive habeas petition in the Eighth Circuit Court of Appeals. Dinkins v. United States, No. 18-3334 (8th Cir. 2019).

The Court stated that regardless of whether Rehaif applied, the Court would have to deny movant's fourth motion to vacate as successive. Id.

**Discussion**

On October 21, 2019, movant filed the instant motion—his fifth motion to vacate. In this motion, movant asserts again that Johnson, 559 U.S. 133, and Rehaif, 139 S. Ct. 2191, allow for a new challenge to his conviction and sentence. He also asserts, in conclusory fashion, violations of his first, fourth, fifth, eighth, thirteenth, and fourteenth amendment rights.[3]

Under 28 U.S.C. § 2244(a) and § 2255(h), district courts may not entertain a second or successive motion to vacate unless it has first been certified by the court of appeals. The instant motion to vacate has not been certified by the Court of Appeals for the Eighth Circuit. As a result the Court may not grant the requested relief and this action must be denied and dismissed.

Finally, movant has filed a "motion of deliberate fraud or false documentation." See Doc. 2. In this motion, movant asserts that the Clerk of Court has misfiled this action as a motion to vacate under 28 U.S.C. § 2255. He states that he titled his motion as one for relief under 28 U.S.C. § 2241. A movant is not permitted to circumvent the AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is. Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly"). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." Melton v.

---

[3] The Court notes that while this motion to vacate has been pending, movant has filed another motion to vacate. Dinkins v. United States, 4:20-CV-133 AGF (E.D. Mo. filed Jan. 27, 2020).

United States, 359 F.3d 855, 857 (7th Cir. 2004). Here, the relief movant seeks is available only through a § 2255 motion. See 28 U.S.C. § 2255(a). The Court will deny movant's "motion of deliberate fraud or false documentation."

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence is **DENIED AND DISMISSED** as **SUCCESSIVE**. [Doc. 1]

**IT IS FURTHER ORDERED** that movant's "motion of deliberate fraud or false documentation" is **DENIED**. [Doc. 2]

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An appropriate order of dismissal will accompany this memorandum and order.

Dated this 18th day of February, 2020.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE